IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MELTON LEE MILLER                                                                         PLAINTIFF

v.                                          Civil No. 6:20-CV-06048

JUDGE LAKESHIA SWANIGAN (Parole                                              DEFENDANTS
Board), TYSHIQUE MEADOWS (Parole
Officer), MS. MORGAN (Kitchen Manager,
Omega Supervision Sanction), and MS.
VACANT (Omega Supervision Sanction)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP"). (ECF No. 2). Plaintiff is currently incarcerated in the Department of Community Correction – Omega Technical Violator Center. Plaintiff submitted his Complaint and Motion on May 4, 2020. (ECF Nos. 1, 2). Because Plaintiff had accumulated more than three strikes under 28 U.S.C. § 1915(g), the Court entered an Order (ECF No. 4) directing him to either explain why Western District of Arkansas cases 99-4019, 15-4074, and 15-4087, and Eastern District of Arkansas case 5:10-cv-00303 should not be counted as strikes, or alternatively, to explain why this case should fall under the imminent danger exception. Plaintiff filed his Response on May 14, 2020. (ECF No. 7).

1

Neither Plaintiff's Complaint nor his Response provide grounds for Plaintiff to proceed IFP. The IFP statute, 28 U.S.C. § 1915, contains what has come to be known as the "three strikes rule," which provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit in this District, Plaintiff has had more than three cases and appeals dismissed for failing to state a claim upon which relief may be granted. The three-strikes rule, therefore, applies to Plaintiff.

Nevertheless, Plaintiff may be allowed to proceed IFP if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. §1915(g) (providing that three-strikers should be granted permission to proceed IFP if they are "under imminent danger of serious physical injury"). The Eighth Circuit has explained that the imminent danger exception to section 1915(g) applies only if the prisoner alleges that he is in imminent danger "at the time of filing," and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

In his Complaint, Plaintiff alleges that Defendants Swanigan and Meadows used "false pretense false sentence term use double jeopardy use cruel and unusual punishment" to violate his constitutional rights. (ECF No. 1). Plaintiff further alleges he is not being given enough to eat for breakfast at the Omega facility because he has been given beans on his tray and he cannot eat beans. Specifically, he alleges Defendant Morgan gave him beans on February 14, 2020, and Defendant Vacant gave him beans on February 19, 2020. (ECF No. 5-6). Plaintiff identifies no medical condition which makes him unable to eat beans.

In his Response, Plaintiff fails make any claim of inadequate nutrition. He also fails to explain why Western District of Arkansas cases 99-4019, 15-4074, and 15-4087, and Eastern District of Arkansas case 5:10-cv-00303 should not be counted as strikes. Plaintiff uses the phrase "imminent danger" in two places in his Response (ECF No. 7 at 2, 3), but fails to identify any action or condition that would result in him being in imminent danger of serious physical injury. Instead, he states that "false pretense wrong sentencing was done," resulting in a sentence of six months. (*Id*. at 3-4).

Accordingly, it is recommended that Plaintiff's IFP application (ECF No. 2) be DENIED pursuant to 28 U.S.C. § 1915(g), and that he be allowed fifteen (15) days to tender to the United States District Clerk the proper filing fee. It should be noted that in the event Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas. In the event Plaintiff fails to tender the filing fee in the time period allowed, it is recommended that his Complaint be dismissed without prejudice to his right to re-file it with the appropriate filing fee. *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee).

In addition, Plaintiff is precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury. It is therefore recommended that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which Melton Lee Miller seeks to proceed IFP. The Magistrate Judge shall then review the action and, if it is a civil action, rather than a criminal or habeas action, and, if Miller has not asserted a valid claim that he is under imminent danger of serious physical injury, the Magistrate Judge shall recommend that IFP status be denied.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of May 2020.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE