IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MELTON LEE MILLER                                                                                          PLAINTIFF

v.                                           Civil No. 6:20-CV-06048

JUDGE LAKESHIA SWANIGAN, *et. al.*                                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

### I.     BACKGROUND

Plaintiff's Complaint was received on May 4, 2020. (ECF No. 1). That same day, Plaintiff's Complaint was provisionally filed. (ECF No. 4). Because Plaintiff had accumulated more than three strikes under 28 U.S.C. § 1915(g), he was directed to either explain why the dismissal of several cases should not be counted as strikes or explain why this case fell under the imminent danger of physical injury exception. (*Id*. at 1). Plaintiff was also advised that he must immediately inform the Court of any address changes within thirty days of the change or his case would be dismissed. (*Id*. at 2). Plaintiff filed his Response on May 14, 2020. (ECF No. 7). The undersigned submitted a Report and Recommendation on May 20, 2020, recommending that Plaintiff's *in forma pauperis* application be denied. (ECF No. 8). The Report and

Recommendation was adopted on June 9, 2020, and Plaintiff was given fifteen (15) days to pay the full filing fee. (ECF No. 9). On June 17, 2020, the Order adopting the Report and Recommendation was returned as undeliverable, and the deadline for Plaintiff to inform the Court of his new address was set for July 17, 2020. (ECF No. 10).

To date, Plaintiff has failed to submit the filing fee, failed to inform the Court of his new address, and failed to otherwise communicate with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of August 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE